UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:17-cr-00004-RLY-MPB |
| ) | |
| ANTHONY MICHAEL BUTLER ) | |
| a/k/a TONY BUTLER, ) | -02 |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

On September 9, 2019, the Court held an Initial Appearance on a Warrant for Violation of Supervised Release. On September 24, 2019, the Court held a Hearing on Revocation of Supervised Release. On November 4, 2019, the Court concluded the Final Hearing. Defendant Butler appeared in person with counsel Doug Walton. The government appeared by Todd Shellenbarger, Assistant United States Attorney. The United States Probation and Parole Office was represented by Officer Brian Deardurff.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Butler of his rights and provided him with a copy of the petition. Defendant Butler waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Butler admitted violations 1, 2, 3 and 4. (Docket No. 131).

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | "The defendant shall not commit another federal, state, or local crime."<br><br>As a result of a search of Anthony Butler's residence on June 19, 2019, he was arrested for a new criminal offense: Possession of an Anabolic Steroid, Level 6 Felony and Possession of Paraphernalia, Class C Misdemeanor in Vanderburgh County, Indiana (82D02-1906- MC-00188) with formal charges to follow. |
| 2 | "The defendant shall refrain from any unlawful use of a controlled substance."<br><br>On June 19, 2019 during a search of Anthony Butler's residence, the offender verbally admitted to intravenously ingesting Heroin (Opiates). He reported his last usage was on the evening of June 18, 2019. Mr. Butler also noted, he has been intravenously ingesting heroin most recently from the beginning of June 2019 to the present. Mr. Butler noted during this most recent heroin usage he was ingesting and purchasing one (1/2) gram of heroin at a time.<br><br>On June 19, 2019, while this probation officer attempted to collect a urine sample from the offender at the Vanderburgh County Jail. Mr. Butler also admitted to ingesting Methamphetamine. He reported his last usage was on the late evening of June 18, 2019. |
| 3 | "You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods."<br><br>Anthony Butler failed to produce a urinalysis drug screens on the following date: June 19, 2019. This probation officer attempted to collect a urine screen on Mr. Butler while in Vanderburgh County Jail booking, but he was unable to produce a urine sample after numerous attempts during a one hour period.<br><br>Anthony Butler failed to report to drug screens on the following dates: June 18, 2019, May 17, 2019, December 7, 2018, July 20, 2018, June 7 & 18, 2018, and April 6, 2018.  Anthony Butler submitted a dilute drug screen urinalyses on November 27, 2018. |

| | | |
|---|---|---|
| 4 | "You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change. " | |
| | Mr. Butler failed to notify this probation officer of any change in employment within 72 hours. This probation officer confirmed on June 13, 2019, with Bootz Manufacturing human resource department, Mr. Butler's last date of employment was June 6, 2019. His employment was terminated due to no calls and no shows. | |

4. The Sentencing guidelines provide that:

    (a) The highest grade of violation is a Grade B violation.

    (b) Defendant's criminal history category is V.

    (c) The advisory range of imprisonment applicable upon revocation of supervised release, therefore, is 18-24 months' imprisonment.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, and his supervised release should be revoked. The Magistrate Judge recommends a departure from the advisory range, with defendant being sentenced to the custody of the Attorney General or his designee for a period of six (6) months, calculated from the date of June 20, 2019, to be released on December 20, 2019 with no further supervision to follow.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen (14) days after being served a

copy of this Report and Recommendation to serve and file written objections with the District Judge.

    Dated: November 4, 2019

                                                _____
                                                Matthew P. Brookman
                                                United States Magistrate Judge
                                                Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal